UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

LADARIUS B. MITCHELL,

    Plaintiff,

v.                                             Case No. 3:25cv1922-LC-HTC

SERGEANT SPENCER, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Ladarius B. Mitchell, a prisoner proceeding *pro se* and *in forma pauperis*, filed an amended complaint under 42 U.S.C. § 1983 alleging the Defendants violated the First Amendment by not providing him a religious meal during Ramadan. Doc. 7. The Court previously advised Mitchell of the legal standards applicable to his claims and gave him an opportunity to amend his complaint to state a claim. Nevertheless, the undersigned concludes the amended complaint still fails to state a claim. Thus, this case should be dismissed under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

I.    **BACKGROUND**

Mitchell sues two employees at Santa Rosa Correctional Institution: (1) Sergeant Spencer, and (2) Officer Summers. His complaint contains the following factual allegations, which are accepted as true for purposes of this Order.

Mitchell "signed up for Ramadhan" on January 23, 2025, and was approved by Chaplain J. Ferguson on January 29, 2025. On March 8, 2025, between 7:30 and 8:30 p.m. in F-dormitory wing 3, Officer Summers "refused [Mitchell] the opportunity to practice and participate in [his] religion Ramadhan meal" when he came to Mitchell's cell "during the feeding of evening meal and placed a regular tray on [his] flap." Mitchell informed Summers he was Muslim and participating in the Ramadan meal. He showed Summers "proof of a[n] approved request" by Chaplain J. Ferguson and explained to Summers, "By me accepting the regular meal will violate the means of Ramadhan and participate in my religion Ramadhan meal, which is the (Shariah) (Islamic Laws)."

Mitchell also explained to Summers he was supposed "to get a bag with 2 bolony sandwich, 2 cookies, carrots, and a beverage." He further explained to Summers "what Ramadhan consist of … bath before meal, to make all [] prayers, fasting until sunset." Mitchell told him accepting a regular meal would break his fast for Ramadan. Summers left the regular meal on Mitchell's flap and "went to get Sgt. Spencer." Mitchell explained to Spencer what he had already explained to Summers. He showed Spencer his approved request and "explained to Sgt. Spencer we had problems about missing items out [his] Ramadhan bag in the pass [sic]." Spencer and Summers took the regular tray and "left to check with the OIC."

Spencer came back and told Mitchell his OIC informed him Mitchell "was on the list for Ramadhan." Later, Lieutenant Loveless approved Mitchell's grievance, stating she had to counsel "with her staff about their (professionalism) and ensuring correct inmates got the correct meal." Right after Spencer and Summers left, Officer Livingston "tried forcing the regular meal" on Mitchell by giving him "the option to take it or don't eat at all." Mitchell refused the meal "and never ate." "Even after Sgt. Spencer and Officer Summers were aware [he] was on the Ramadhan list they still fail to make sure [his] Ramadhan meal was giving to [him] after having facts from their OIC … which is in violation of [his] 1st Amendment Right."

Based on the foregoing, Mitchell alleges: (1) Summers violated the First Amendment by "denying [his] religious Ramadhan meal; and (2) Spencer violated the First Amendment by denying Mitchell's right to practice his "religion right as [his] religion sees fit, by not making sure [he] received [his] Ramadhan meal." Mitchell seeks damages as relief.

## II.   LEGAL STANDARD

Because Mitchell is a prisoner proceeding *in forma pauperis* and seeking relief from government employees, the Court must dismiss his complaint, or any portion thereof, if it determines it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b). To state a

claim, Mitchell must plead factual content that allows the Court to draw the reasonable inference the Defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court must liberally construe *pro se* allegations, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), but conclusory allegations and legal conclusions couched as factual allegations are not entitled to a presumption of truth. *Iqbal*, 556 U.S. at 681; *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

## III. DISCUSSION

When the Court reviewed Mitchell's initial complaint, the Court issued a detailed order advising Mitchell that he failed to state a First Amendment claim against the Defendants because "being denied a single religious meal" does not "substantially burden" the practice of his chosen religion. Doc. 5. Nonetheless, the Court gave Michell an opportunity to amend the complaint before recommending it be dismissed.[1] Although Mitchell has provided some additional facts in the amended complaint,[2] the crux of his First Amendment claim continues to be based on being denied a single religious meal and continues to fail as a matter of law.

---

[1] *See Brennan v. Comm'r, Ala. Dep't of Corr.*, 626 F. App'x 939, 945-46 (11th Cir. 2015) ("A *pro se* litigant must be given at least one opportunity to amend his complaint before the court dismisses the action with prejudice if it appears that a more carefully drafted pleading would state a claim upon which relief could be granted.").

[2] In the Court's initial amend order, the Court also advised Mitchell that he cannot pursue a claim related to an alleged retaliatory disciplinary report. Mitchell omitted facts related to this claim in the amended complaint. Doc. 5.

"To state a claim under the First Amendment's Free Exercise Clause, a plaintiff must plead facts showing a 'substantial burden' on a sincerely held religious belief." *Robbins v. Robertson*, 782 F. App'x 794, 801 (11th Cir. 2019). To establish a "substantial burden" on his practice of religion, a plaintiff must show "he was coerced to perform conduct that his religion forbids or prevented from performing conduct that his religion requires." *Wilkinson v. GEO Grp., Inc.*, 617 F. App'x 915, 917-18 (11th Cir. 2015).

As the Court previously told Mitchell, Mitchell's allegations do not demonstrate that being denied a single religious meal substantially burdened the practice of his religion. Mitchell claims the incident with the Defendants occurred during the month of Ramadan. "Muslims are obligated to fast during the daylight hours" during Ramadan. *Cummings v. Dep't of Corr.*, 757 F.3d 1228, 1230 n.4 (11th Cir. 2014). Although Mitchell alleges the Defendants failed to provide him a religious meal to eat following his fast on March 8, there is no indication Defendants denied him religious meals during the rest of Ramadan, or that Defendants burdened his religious practice in any other way.

In other words, while denying a prisoner a religious meal *can* unconstitutionally burden a prisoner's right to exercise their faith, *see Edwards v. Cornelius*, 2012 WL 2087413, *5 (M.D. Fla. June 8, 2012), this isolated incident, even if true, did not place a substantial burden on Mitchell's religious exercise. *See*

*Hoever v. Belleis*, 703 F. App'x 908, 912 (11th Cir. 2017) ("[A] substantial burden occurs if the conduct complained of completely prevents the individual from engaging in religiously mandated activity, or requires participation in an activity prohibited by religion and, at a minimum, must have something more than an incidental effect on religious exercise.") (cleaned up and citation omitted); *Midrash Sephardi, Inc. v. Town of Surfside*, 366 F.3d 1214, 1227 (11th Cir. 2004) ("[A] 'substantial burden' must place more than an inconvenience on religious exercise[.]"). Even if being denied a single meal were a substantial burden on Mitchell's religious practice, it is not clear the Defendants were responsible for Mitchell's lack of a Ramadan meal on the evening of March 8, as Mitchell states it was Officer Livingston—who is not a party to this action—who gave Mitchell the ultimatum to eat the regular meal or go without.

Accordingly, Mitchell has failed to state a First Amendment claim. *See Rodriguez v. Bryson*, 2019 WL 13193452, at *15 (M.D. Ga. July 10, 2019), *report and recommendation adopted as modified*, 2019 WL 13193451 (M.D. Ga. Sept. 6, 2019) (finding inmate's claim that he was served non-Halal meat on two occasions during Ramadan "constituted a mere inconvenience on religious exercise, as opposed to a substantial burden"); *Pasco v. Ward*, 2023 WL 6373893, at *10 (M.D. Ga. July 14, 2023) (explaining that when plaintiff failed to receive Ramadan meals

Case No. 3:25cv1922-LC-HTC

"on some occasions," he "did not suffer more than a temporary or insubstantial burden on his First Amendment rights").

## IV. CONCLUSION

In its October 15 Order, the Court advised Mitchell of the legal standards applicable to his claims and gave him an opportunity to file an amended complaint to state a viable claim. Doc. 5. Mitchell still failed to state a claim in his amended complaint—namely, Mitchell failed to show he suffered a substantial burden on the practice of his religion when he missed a single Ramadan meal.

Because Mitchell failed to cure the deficiencies identified in his original complaint, this case should be dismissed with prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 1915A(b)(1). *See Brennan v. Comm'r, Ala. Dep't of Corr.*, 626 F. App'x 939, 945-46 (11th Cir. 2015) ("A *pro se* litigant must be given at least one opportunity to amend his complaint before the court dismisses the action with prejudice if it appears that a more carefully drafted pleading would state a claim upon which relief could be granted.").

Accordingly, it is RECOMMENDED that:

1. This case be DISMISSED WITH PREJUDICE for Mitchell's failure to state a claim.

2. The clerk be ordered to close the file.

At Pensacola, Florida, this 18th day of November, 2025.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1.